**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT NEW YORK**

---

ALLERGAN, INC. and ABBVIE INC.,

      *Plaintiffs*,

    v.

ALEMBIC PHARMACEUTICALS
LIMITED,

      *Defendant*.

C.A. No. _____

---

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Allergan, Inc. ("Allergan") and AbbVie Inc. ("AbbVie" and, collectively with Allergan, "Plaintiffs"), by their undersigned attorneys, bring this action against Defendant Alembic Pharmaceuticals Limited ("Alembic") and allege as follows:

## NATURE OF THE ACTION

1. This action for patent infringement, brought pursuant to the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*, arises from Alembic's submission to the United States Food and Drug Administration ("FDA") of an Abbreviated New Drug Application ("ANDA") seeking approval to market a generic version of Plaintiffs' successful pharmaceutical product LUMIGAN® 0.01% prior to the expiration of U.S. Patent No. 7,851,504 ("the '504 patent"), which is listed for LUMIGAN® 0.01% in the *Approved Drug Products with Therapeutic Equivalence Evaluations* (an FDA publication commonly known as the "Orange Book").

2. Alembic has infringed one or more claims of the '504 patent under 35 U.S.C. § 271(e)(2)(A) by filing its ANDA No. 210144 ("Alembic's ANDA") seeking FDA approval for the commercial manufacture, use, import, offer for sale, and/or sale in the United States of

Alembic's generic version of LUMIGAN® 0.01% ("Alembic's ANDA Product") prior to the expiration of the '504 patent. Alembic will infringe one or more claims of the '504 patent under 35 U.S.C. § 271(a), (b), and/or (c) should it engage in the commercial manufacture, use, offer for sale, sale, distribution in, or importation into the United States of Alembic's ANDA Product prior to the expiration of the '504 patent.

**LUMIGAN® 0.01%**

3. Open-angle glaucoma is a chronic, progressive optic neuropathy that can result in blindness. Elevated intraocular pressure presents a major risk factor for glaucomatous field loss. The higher the level of intraocular pressure, the greater the likelihood of optic nerve damage and visual field loss.

4. LUMIGAN® 0.01% safely and effectively reduces intraocular pressure in patients suffering from open-angle glaucoma and ocular hypertension.

5. FDA approved LUMIGAN® 0.01% on August 31, 2010, pursuant to New Drug Application ("NDA") No. 22184. A true and correct copy of the prescribing label for LUMIGAN® 0.01% is attached as Exhibit A.

6. Plaintiffs developed LUMIGAN® 0.01% and market and sell it in this judicial district and throughout the United States.

7. The '504 patent, which expires June 13, 2027, is listed in the Orange Book with respect to LUMIGAN® 0.01% and NDA No. 22184.

8. LUMIGAN® 0.01% has been the subject of three prior ANDA litigations.

9. In litigation against Sandoz, Inc., Lupin Pharmaceuticals, Inc., Lupin Ltd., Hi-Tech Pharmacal Co., Inc., Watson Laboratories, Inc., Watson Pharmaceuticals, Inc., and Watson Pharma, Inc., the U.S. District Court for the Eastern District of Texas held a bench trial and found all asserted patents—including the '504 patent—valid and infringed and entered a permanent

2

injunction. *See Allergan, Inc. v. Sandoz, Inc.*, C.A. No. 6:11-cv-441 (E.D. Tex.), D.I. 303; *see also id.*, 2014 WL 12622277, at *1-2, 37-38 (E.D. Tex. Jan. 13, 2014). The district court's decision was affirmed in all respects on appeal by the U.S. Court of Appeals for the Federal Circuit. *Allergan, Inc. v. Sandoz Inc.*, 796 F.3d 1293 (Fed. Cir. 2015).

10.    In a subsequent litigation in the District of Delaware, *Allergan, Inc. v. Mankind Pharma Ltd.*, C.A. No. 1:23-cv-00272 (D. Del.), the defendant Mankind Pharma Limited stipulated that it did not contest the validity or enforceability of the '504 patent. *See id.*, D.I. 60. The parties stipulated to voluntary dismissal in October 2024. *See id.* at D.I. 135.

11.    Most recently, the '504 patent was the subject of *Allergan, Inc. et al v. Amneal Pharmaceuticals of New York, LLC et al.*, C.A. No. 2:23-cv-06208 (E.D.N.Y.). In that litigation in this district, the Court denied the defendants' motion for judgment on the pleadings, including as to their assertion that the patent term adjustment of the '504 patent was allegedly invalid, which the district court concluded was "a fact-bound question that will likely depend on documentary evidence and fact and expert witness testimony" and therefore was "not ripe for resolution on a Rule 12(c) motion." *Id.*, D.I. 113-01 at 19; *id.* at 2, 23 (determining that the issue "gives rise to factual disputes that cannot be resolved without the benefit of a full post-discovery record, including expert evidence" and that the question "goes to the weight of the evidence"). In denying defendants' motion for reconsideration, the Court reiterated that "there are numerous factual disputes" that precluded "a ruling as a matter of law." *Id.*, 2025 WL 2419585, at *4-5 (E.D.N.Y. Aug. 13, 2025). The parties stipulated to voluntary dismissal in September 2025. *See id.*, D.I. 133.

## THE PARTIES

12.    Plaintiff AbbVie is a corporation organized and existing under the laws of the State of Delaware, with its corporate headquarters at 1 North Waukegan Road, North Chicago, Illinois 60064. AbbVie is a global research and development-based biopharmaceutical company committed

to developing innovative therapies for some of the world's most complex and critical conditions. AbbVie's mission is to use its expertise, dedicated people, and unique approach to innovation to markedly improve treatments across therapeutic areas, including eye diseases.

13.    AbbVie holds NDA No. 22184 for LUMIGAN® 0.01%. *See* Exhibit B.

14.    Plaintiff Allergan is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 1 North Waukegan Road, North Chicago, Illinois 60064. Allergan is the assignee of the '504 patent. Allergan is an indirectly wholly owned subsidiary of AbbVie.

15.    On information and belief, Defendant Alembic Pharmaceuticals Limited is a public limited company organized and existing under the laws of the Republic of India, having its principal place of business at Alembic Road, Vadodara – 390 003 Gujarat, India.

16.    On information and belief, Alembic prepared and submitted ANDA No. 210144 and continues to seek FDA approval for that application.

17.    On information and belief, pursuant to 21 U.S.C. § 355(j)(2)(B)(iv), Alembic prepared and sent to Plaintiffs a letter dated November 7, 2025 (the "Notice Letter"), purporting to inform Plaintiffs that FDA "deemed acceptable for filing Alembic's ANDA No. 210144" and that "ANDA No. 210144 contains . . . a Paragraph IV Certification with respect to" the '504 patent.

18.    On information and belief, Alembic's ANDA previously contained a Paragraph III Certification, i.e., a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(III), with respect to the '504 patent.

19.    On information and belief, Alembic stands to benefit from the approval of Alembic's ANDA. On information and belief, Alembic intends to commercially manufacture,

market, offer for sale, and sell Alembic's ANDA Product throughout the United States, including in the State of New York, in the event FDA approves Alembic's ANDA.

## JURISDICTION AND VENUE

20.	Plaintiffs incorporate by reference the prior paragraphs of this Complaint as if fully set forth herein.

21.	This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 100 *et seq.*, generally, and 35 U.S.C. § 271, specifically. Therefore, subject matter jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338(a).

22.	This Court has personal jurisdiction over Alembic because, on information and belief, Alembic, *inter alia*, has continuous and systematic contacts with the State of New York, regularly conducts business in the State of New York, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos, has purposefully availed itself of the privilege of doing business in the State of New York, and intends to sell Alembic's ANDA Product in New York upon approval of Alembic's ANDA.

23.	Additionally, this Court has personal jurisdiction over Alembic because the requirements of Federal Rule of Civil Procedure 4(k)(2)(A) are met as (a) Plaintiffs' claims arise under federal law; (b) Alembic is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Alembic has sufficient contacts in the United States as a whole, including, but not limited to, participating in the preparation and submission of Alembic's ANDA and/or manufacturing and/or selling pharmaceutical products distributed throughout the United States, including in this judicial district, such that this Court's exercise of jurisdiction over Alembic satisfies due process.

24.	On information and belief, Alembic is in the business of manufacturing, marketing, importing, distributing, and selling pharmaceutical drug products, including generic drug products,

either directly or through subsidiaries, agents, and/or alter egos, which Alembic manufactures, distributes, markets and/or sells throughout the United States and in this judicial district.

25.     On information and belief, Alembic is licensed to sell pharmaceutical products in New York, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos.

26.     Alembic has committed, or aided, abetted, contributed to, and/or participated in the commission of, acts of infringement of the '504 patent that will lead to foreseeable harm and injury to Plaintiffs. On information and belief, and as indicated by the Notice Letter sent by Alembic to AbbVie Inc. and Allergan, Inc. pursuant to 21 U.S.C. § 355(j)(2)(b), Alembic prepared and filed Alembic's ANDA with the intention of seeking to market Alembic's ANDA Product nationwide, including within this judicial district.

27.     On information and belief, if FDA approves ANDA No. 210144, Alembic intends to market, offer for sale, sell, and/or distribute Alembic's ANDA Product in New York and to residents of New York, list Alembic's ANDA Product on New York's prescription drug formulary, and seek Medicaid reimbursements for sales of Alembic's ANDA Product in the State of New York, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos. Alembic will derive substantial revenue from the use or consumption of Alembic's ANDA Product in New York.

28.     On information and belief, Alembic knows and intends that Alembic's ANDA Product will be distributed and sold in New York and will thereby displace sales of LUMIGAN® 0.01%, causing injury to Plaintiffs. Alembic intends to take advantage of its established channels of distribution in New York for the sale of Alembic's ANDA Product.

6

29.     Venue is proper in this district for Alembic Pharmaceuticals Limited pursuant to 28 U.S.C. § 1391(c)(3) because, *inter alia*, Alembic Pharmaceuticals Limited is a public limited company organized and existing under the laws of the Republic of India and, as such, may be sued in any judicial district.

30.     On information and belief, the importation, manufacture, sale, offer for sale, or use of Alembic's ANDA Product prior to the expiration of the '504 patent would infringe one or more claims of the '504 patent under 35 U.S.C. § 271(a), and/or Alembic would induce or contribute to infringement of one or more claims of the '504 patent under 35 U.S.C. § 271(b) and/or (c) should it engage in the commercial manufacture, use, offer for sale, sale, distribution in, or importation into the United States of Alembic's ANDA Product prior to the expiration of the '504 patent.

## THE '504 PATENT

31.     The '504 patent, entitled "Enhanced bimatoprost ophthalmic solution," was duly and legally issued on December 14, 2010. A true and correct copy of the '504 patent is attached as Exhibit C.

32.     The United States Patent & Trademark Office awarded 819 days of patent term adjustment to the '504 patent. The '504 patent expires June 13, 2027.

33.     Allergan is the assignee of the '504 patent.

## ALEMBIC'S ANDA

34.     On information and belief, Alembic through its actions and/or through the actions of its agents and subsidiaries, prepared and submitted Alembic's ANDA to FDA. Alembic's ANDA seeks approval to engage in the commercial manufacture, use, sale, offer for sale, and/or importation into the United States, including New York, of Alembic's ANDA Product, a generic version of LUMIGAN® 0.01%, before the expiration of the '504 patent.

35.     On information and belief, following FDA approval of the ANDA, Alembic will commercially manufacture, use, sell, offer for sale, and/or import Alembic's ANDA Product throughout the United States, including within the State of New York.

36.     On information and belief, pursuant to 21 U.S.C. § 355(j)(2)(B)(iv), Alembic prepared and sent to Plaintiffs the Notice Letter, purporting to inform Plaintiffs that Alembic had filed a certification to FDA with respect to the '504 patent.

**CLAIM FOR RELIEF**
**COUNT I: INFRINGEMENT OF THE '504 PATENT BY ALEMBIC**

37.     Plaintiffs incorporate by reference the prior paragraphs of this Complaint as if fully set forth herein.

38.     On information and belief, Alembic submitted Alembic's ANDA to FDA and thereby seeks FDA approval of Alembic's ANDA Product.

39.     On information and belief, Alembic's ANDA Product infringes one or more claims of the '504 patent.

40.     Alembic has infringed one or more claims of the '504 patent under 35 U.S.C. § 271(e)(2)(A) by submitting Alembic's ANDA with a Paragraph IV certification thereby seeking FDA approval of a generic version of LUMIGAN® 0.01% prior to the expiration of the '504 patent.

41.     On information and belief, the importation, manufacture, sale, offer for sale, or use of Alembic's ANDA Product prior to the expiration of the '504 patent would infringe one or more claims of the '504 patent under 35 U.S.C. § 271(a), and/or Alembic would induce or contribute to the infringement of one or more claims of the '504 patent under 35 U.S.C. § 271(b) and/or (c).

42.     For example, Alembic's Notice Letter does not dispute that Alembic's ANDA Product meets all limitations of the claims of the '504 patent. Accordingly, upon information and belief, Alembic's ANDA Product meets every limitation of claims 1–3 of the '504 patent.

43. Alembic had actual and constructive notice of the '504 patent prior to filing Alembic's ANDA and was aware that the filing of Alembic's ANDA with the request for FDA approval prior to the expiration of the '504 patent would constitute an act of infringement of the '504 patent.

44. Plaintiffs will be irreparably harmed if Alembic is not enjoined from infringing and from actively inducing or contributing to the infringement of the '504 patent. Plaintiffs do not have an adequate remedy at law and, considering the balance of hardships between Plaintiffs and Alembic, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

(a) A Judgment that Alembic has infringed the '504 patent under 35 U.S.C. § 271(e)(2)(A);

(b) A Judgment and Order, pursuant to 35 U.S.C. § 271(e)(4)(A), that the effective date of any FDA approval for Alembic's ANDA shall be no earlier than the expiration date of the '504 patent, or any later expiration of exclusivity for the '504 patent, including any extensions or regulatory exclusivities;

(c) A Judgment and Order, pursuant to 35 U.S.C. § 271(e)(4)(B) and 35 U.S.C. § 283, that Alembic, its directors, officers, agents, attorneys, affiliates, divisions, subsidiaries, successors and employees, and those acting in privity or concert with them, are restrained and enjoined from seeking, obtaining, and/or maintaining approval of Alembic's ANDA prior to the expiration of the '504 patent, or any later expiration of exclusivity for the '504 patent, including any extensions or regulatory exclusivities;

(d)     A Judgment and Order that Alembic, its directors, officers, agents, attorneys, affiliates, divisions, subsidiaries, successors and employees, and those acting in privity or concert with them, are permanently enjoined from commercially manufacturing, using, offering to sell, selling, marketing, distributing, or importing Alembic's ANDA Product and any other product that infringes or induces or contributes to the infringement of the '504 patent, prior to the expiration of the '504 patent, or any later expiration of exclusivity for the '504 patent, including any extensions or regulatory exclusivities;

(e)     A Judgment declaring that making, using, selling, offering for sale, or importing of Alembic's ANDA Product, or inducing or contributing to such conduct, prior to the expiration of the '504 patent, or any later expiration of exclusivity for the '504 patent, including any extensions or regulatory exclusivities, would constitute infringement of the '504 patent under 35 U.S.C. § 271(a), (b), and/or (c);

(f)     A declaration pursuant to 28 U.S.C. § 2201 *et seq.* that if Alembic, its directors, officers, agents, attorneys, affiliates, divisions, subsidiaries, successors and employees, and all persons and entities acting in concert with it or on its behalf, engage in commercial manufacture, use, offer for sale, sale, or importation of Alembic's ANDA Product, it will constitute an act of infringement of the '504 patent under 35 U.S.C. § 271(a), (b), and/or (c);

(g)     An award of damages or other relief, pursuant to 35 U.S.C. § 271(e)(4)(C), if Alembic engages in the commercial manufacture, use, offer to sell, sale, and/or importation of Alembic's ANDA Product, or any product that infringes the '504 patent, or induces or contributes to such conduct, prior to the expiration of the '504 patent, or any later expiration of exclusivity for the '504 patent, including any extensions or regulatory exclusivities;

(h)     A finding that this case is an exceptional case and an award of attorneys' fees in this action under 35 U.S.C. § 285;

(i)     Costs and expenses in this action; and

(j)     Such other and further relief as this Court deems just and proper.

OF COUNSEL:

Christopher N. Sipes (*pro hac vice* application forthcoming)
Erica N. Andersen (*pro hac vice* application forthcoming)
Douglas A. Behrens (*pro hac vice* application forthcoming)
Justin W. Burnam (*pro hac vice* application forthcoming)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001-4956
(202) 662-6000

December 19, 2025

FARRELL FRITZ, P.C.

*s/ Kevin P. Mulry*

_____

Kevin P. Mulry
400 RXR Plaza
Uniondale, New York 11556
(516) 227-0620
kmulry@farrellfritz.com

*Attorneys for Plaintiffs Allergan, Inc., and AbbVie Inc.*